UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RONNIE DELAUNE** | * | CIVIL ACTION |
| | * | |
| **Plaintiff** | * | NO. |
| | * | |
| **VERSUS** | * | SECTION: |
| | * | |
| **B & R MARINE, LLC** | * | |
| | * | MAGISTRATE JUDGE: |
| **Defendants** | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

### SEAMAN'S COMPLAINT
(Filed Pursuant to the 28 U.S.C. §1916)

Plaintiff, Ronnie Delaune, a person of the full age of majority and domiciled in the State of Louisiana, respectfully represents:

**I.**

Defendants herein are as follows:

a) B & R Marine, LLC, (referred to hereafter as "B & R Marine") under information and belief a Limited Liability Company licensed to do and doing business in the State of Louisiana; and

b) XYZ Insurance Company, an insurance company whose name is unknown at this time who provided a policy of insurance covering B & R Marine for the damages alleged herein.

**II.**

On or about September 2, 2011, B & R Marine owned and operated the movable vessel identified as M/V Carissa Briegh.

### III.

Leo Bickman was the Captain of the M/V Carissa Briegh.

### IV.

At the time of the accident, Ronnie Delaune was employed by B & R Marine as a seaman and member of the crew of the M/V Carissa Briegh.

### V.

At the time of the accident, the M/V Carissa Briegh was located at South Marsh Island Block 217 near the platform Mount Point.

### VI.

At the time of the accident, the winds were high and the seas rough.

### VII.

The deck of the M/V Carissa Briegh was cluttered with equipment.

### VIII.

Captain Bickman ordered Mr. Delaune to tie up the vessel to a cluster of pilings.

### IX.

As Mr. Delaune attempted to toss the line around the pilings, the line got caught on a piece of equipment, causing Mr. Delaune to sustain injuries.

### X.

Captain Bickman should not have attempted to tie up the vessel in the prevailing weather condition.

### XI.

The back deck of the vessel was cluttered with equipment thwarting Mr.

Delaune's attempt to tie up the vessel.

### XII

A proximate cause of the accident was negligence attributable to Captain Bickman, B & R Marine and/or employees of B & R Marine.

### XIII.

A proximate cause of the accident was the unseaworthiness of the M/V Carissa Briegh.

### XIV.

This accident occurred while the plaintiff was in the service of the vessel, entitling him to receive maintenance and cure benefits, which he herein seeks.

### XV.

Plaintiff suffered the following itemized list of damages as a result of the accident:

- a) Pain and suffering, both physical and mental/emotional: past, present and future;
- b) Bodily disability: past, present and future;
- c) Loss of use/function of parts of body: past, present and future;
- d) Impairment of psychological functioning: past, present and future;
- e) Loss of enjoyment of life: past, present and future;
- f) Medical expenses: past, present and future;
- g) Lost wages: past, present and future;
- h) Disability from working to earn an income: past, present and future;

    i)        Destruction of earning capacity: past, present and future;

    j)        Disability from engaging in recreation: past, present and future; and,

    k)        All other damage which shall be proven at trial.

### XVI.

Plaintiff, Ronnie Delaune, was not at fault in causing this accident or the resultant damages.

### XVII.

B & R Marine is liable for the damages caused by Captain Bickman and their employees under LSA C.C. Art. 2320, vicarious liability and the doctrine of respondeat superior.

### XVIII.

At all times pertinent hereto, defendant, XYZ Insurance Company, provided a policy of insurance covering B & R Marine and/or the employees of B & R Marine at the time of the accident, and, as such, XYZ Insurance Company is liable for the damages suffered by the plaintiff.

### XIX.

Plaintiff desires and is entitled to a trial by jury on the issues sued upon herein.

**WHEREFORE,** plaintiff, Ronnie Delaune, prays that the defendants be served with a copy of this Complaint; that defendants be cited to appear and answer same within the delays allowed by law; and that after due proceedings are had, there be judgement rendered herein in favor of the plaintiff, Ronnie Delaune, for all costs of these proceedings, for interest from the ate of the accident until paid, and for all other

appropriate legal, equitable relief under both Jones Act, Federal and Louisiana State law as well as maintenance and cure benefits.

                Respectfully submitted,

                */s/ Rodney Kelp Littlefield*
                RODNEY KELP LITTLEFIELD (#23192)
                MARTIN E. REGAN, JR. & ASSOCIATES
                2125 St. Charles Avenue
                New Orleans, LA 70130
                504-522-7260
                Writer's direct e-mail: klittlefield@reganlaw.net